UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ESPEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DEUEL VOCATIONAL INSTITUTION,<br><br>　　　　　　Defendants. | No.  2:13-cv-2147 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the amended complaint filed November 18, 2013, against Dr. Awatani, Dr. Baath and Dr. Street.  (ECF No. 15.)  Plaintiff alleges that he received inadequate medical care for mental health issues and a seizure disorder.  All defendants are located at the Deuel Vocational Institution ("DVI").

　　　　Pending before the court is plaintiff's request for injunctive relief filed May 5, 2014. (ECF No. 40.)  For the following reasons, plaintiff's motion should be denied.

　　　　Plaintiff is currently housed at Mule Creek State Prison ("MCSP") located in Ione, California.  On March 18, 2014, plaintiff filed a notice of change of address indicating his recent transfer to MCSP.  In the pending motion, plaintiff alleges that he is being denied anti-seizure medication by officials at MCSP.  (ECF No. 40.)  In particular, plaintiff alleges that prison officials discontinued phenobarbital and gabapentin, which had been effective in treating his

1

seizures.  (Id.)  Plaintiff alleges that because he is not receiving adequate seizure medication, he has suffered ongoing seizures.  (Id.)  Plaintiff alleges that MCSP have given him a helmet to wear to prevent injuries to his head as a result of the seizures.  (Id.)

In support of the pending motion, plaintiff filed declarations by inmates Cossairt and Burr.  Inmate Cossairt states that on April 16, 2014, he heard "man down." (ECF No. 43 at 1.)  Inmate Cossairt then saw staff pull plaintiff from his cell, unconscious and bleeding from his forehead.  (Id.)  Inmate Burr states that he was plaintiff's cellmate on April 16, 2014.  (Id. at 3.)  Inmate Burr states that on that date, he and plaintiff were talking in the cell.  (Id.)  Suddenly, plaintiff made a cry and fell, hitting his head hard.  (Id.)  Inmate Burr states that plaintiff's body then made multiple jerks.  (Id.)

Plaintiff has previously filed documents with the court alleging inadequate seizure medication.  On November 4, 2013, the undersigned ordered the Office of the Attorney General to respond to these claims.  (ECF No. 10.)  In response, on November 18, 2013, the Attorney General's Office filed the declaration of Dr. Fox, Chief Physician at DVI, where plaintiff was then incarcerated.  (ECF No. 14-1.)

Dr. Fox stated that while plaintiff had a seizure disorder, it was not clear whether he suffered from true seizures or pseudo seizures.  (Id. at 2.)  Dr. Fox acknowledged that prior to arriving at DVI, plaintiff received gabapentin and phenobarbital to treat seizures.  (Id.)  Because the use of gabapentin and phenobarbital was restricted by the California Department of Corrections and Rehabilitation ("CDCR") because of the high potential for misuse by inmates, plaintiff was tapered off these restricted medications.  (Id.)  Plaintiff was placed on Keppra and Dilantin.  (Id. at 2-3.)  Dr. Fox stated that these drugs are equally effective as gabapentin and phenobarbital in treating plaintiff's seizure disorder.  (Id. at 3.)

Dr. Fox also stated that plaintiff's medical records indicated that plaintiff refused to take his anti-seizure medications on multiple occasions.  (Id.)

No defendants are located at MCSP, where plaintiff is currently housed.  Thus, the pending motion seeks injunctive relief against individuals who are not named as defendants.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.

2

1  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

2  The undersigned further finds that requiring prison officials at MCSP to respond to plaintiff's motion pursuant to the All Writs Act is not warranted.  Under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  It is "not a grant of plenary power to the federal courts."  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  In appropriate circumstances, it may be used against people or entities not parties to the underlying litigation "who are in a position to frustrate ... the proper administration of justice."  United States v. New York Tel. Co., 434 U.S. 159, 174 (1977).

Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case.  See, e.g., Turner v. Sacramento Cnty. Sheriff, No. 2:09–cv–0017 WBS KJN P, 2010 WL 4237023, at *2 (Oct. 21, 2010), report and recommendation adopted by 2010 WL 5317331 (E.D.Cal. Dec.20, 2010) (stating a writ might issue if plaintiff had shown that restricted access to his legal material unreasonably denied him access to court); Johnson v. Sullivan, No. 1:06–cv–01089 ALA (P), 2008 WL 5396614, at *7 (E.D.Cal. Dec.23, 2008) (granting a request for injunctive relief directing CDCR to provide inmate calls with counsel based on showing that prison officials were depriving him of the ability to communicate with counsel).

In the pending motion, plaintiff does not allege that MCSP officials have taken actions that may impede his ability to litigate this action, such as restricting his access to his legal materials.  Instead, plaintiff's allegations of inadequate medical care raise substantive issues that should be raised in a separate civil rights action.  While it is possible that an untreated seizure disorder may impede a prisoner's ability to prosecute his action, plaintiff has presented evidence that he allegedly suffered from one seizure.  While plaintiff alleges that he suffered from ongoing seizures, he does not identify when these other seizures occurred.

The undersigned also observes that plaintiff's pending motion does not allege that he is being completely denied anti-seizure medication.  Instead, plaintiff alleges that he is being denied gabapentin and phenobarbital.  Dr. Fox addressed this issue in his declaration discussed above.

3

For the reasons discussed above, the undersigned finds that invocation of the All Writs Act is inappropriate. Because no defendants are located at MCSP, where plaintiff is currently incarcerated, plaintiff's request for injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request for injunctive relief (ECF No. 40) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 19, 2014

Es2147.pi

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE