UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ESPEY,<br><br>           Plaintiff,<br><br>    v.<br><br>DEUEL VOCATIONAL INSTITUTION, et al.,<br><br>           Defendants. | No.  2:13-cv-2147 TLN KJN P<br><br><br>ORDER |

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for summary judgment. (ECF No. 73.)  For the following reasons, further briefing is ordered as to plaintiff's claim alleging that the decisions by defendants Street and Awatani to change plaintiff's seizure medication violated the Eighth Amendment.

      Plaintiff alleges that when he arrived at Deuel Vocational Institution ("DVI"), defendants Street and Awatani changed his seizure medication.  (ECF No. 15 at 7.)  Plaintiff alleges that prior to being housed at DVI, he had been taking Dilantin, Gabapentin (aka Neurontin), and Phenobarbital for seizures.  (Id. at 7.)  Plaintiff alleges that defendants improperly discontinued Gabapentin and Phenobarbital, which had been effective in treating his seizures.  (Id. at 7-8.) Plaintiff alleges that as result of the discontinuation of these drugs, and the substitution of

1 different anti-seizure medication, he suffered a seizure. (Id.)

2 The parties do not dispute that when plaintiff arrived at DVI on April 30, 2013, from the Shasta County Jail, he had prescriptions for Dilantin, Gabapentin and Phenobarbital. The parties do not dispute that Dilantin and Phenobarbital had been prescribed to treat plaintiff's seizure disorder. While defendants claim that Gabapentin was not previously prescribed for seizures, see ECF No. 89-2 at 2 (declaration of defendant Awatani stating that Gabapentin is not "indicated" for grand mal seizures), defendants previously submitted evidence indicating that Gabapentin can be used to treat seizures. See ECF No. 14-1 at 2) (declaration of Dr. Fox stating that Gabapentin is used to treat both epilepsy and seizures).

The parties do not dispute that on May 9, 2013, nine days after plaintiff arrived at DVI, defendant Street tapered off plaintiff's Phenobarbital prescription, replacing it with Tegretol, and continued plaintiff's Dilantin prescription. The parties do not dispute that on May 9, 2013, defendant Street also tapered off plaintiff's Gabapentin prescription.

The parties do not dispute that on June 3, 2013, approximately four weeks after plaintiff arrived at DVI, defendant Awatani refused plaintiff's request to reinstate Gabapentin. The parties do not dispute that on July 8, 2013, approximately nine weeks after plaintiff arrived at DVI, defendant Awatani refused plaintiff's request to reinstate Phenobarbital and Gabapentin, in part, because they were non-formulary.

The parties do not dispute that plaintiff suffered seizures on July 14, 2013, and July 23, 2013.

Defendants argue that they did not act with deliberate indifference to plaintiff's serious medical needs when they changed plaintiff's seizure medications because in his first three months at DVI, plaintiff did not report any seizures, which indicated that the prescribed medications were effective and there was no reason to change them or to seek approval for non-formulary drugs.[1] (ECF No. 89-2 at 2.) The problem with this argument is that the record does not support this argument. For example, when defendant Street made her decision on May 9, 2013, to discontinue

---

[1] In contrast, in his declaration, Dr. Fox states that DVI staff tapered plaintiff off of Gabapentin and Phenobarbital because of plaintiff's history of drug abuse. (ECF No. 14-1 at 2.)

2

1  Gabapentin and Phenobarbital, plaintiff had only been at DVI for nine days.  Thus, defendant
2  Street had no opportunity to observe the effectiveness of the other drugs.  When plaintiff had his
3  seizures in July 2013, he had not been housed at DVI for three months.  Defendants offer no other
4  expert evidence regarding the length of time required to gauge the effectiveness of anti-seizure
5  medications.
6     Defendants also argue that their decisions not to prescribe Gabapentin and Phenobarbital
7  were supported by other medical evidence, including a normal EEG and plaintiff's later diagnosis
8  of pseudo-seizures.  Defendants' summary judgment motion contains no expert evidence
9  describing or explaining pseudo-seizures, or the treatment for this condition.  In his previously
10 submitted declaration, Dr. Fox describes pseudo-seizures, but does not state that this condition
11 does not require the prescription of anti-seizure drugs.  (ECF No. 14-1 at 4.)
12    Defendants' summary judgment contains no expert evidence specifically stating that the
13 combinations of anti-seizure drugs plaintiff was prescribed in place of Gabapentin and
14 Phenobarbital, specifically Keppra and Dilantin, were adequate to treat his seizure disorder.
15 Defendants' declarations do not specifically address the effectiveness of the other drugs
16 compared to Gabapentin and Phenobarbital.  In his declaration, Dr. Fox states that Keppra and
17 Dilantin, taken together, are equally as effective in treating plaintiff's seizure disorder as
18 Gabapentin and Phenobarbital.  (Id.)  However, from the time plaintiff arrived at DVI to when he
19 suffered his first seizure, plaintiff was not prescribed Keppra and Dilantin in combination.
20 Plaintiff was prescribed Dilantin and Tegretol in combination, and then Keppra and Tegretol in
21 combination.  Dr. Fox's declaration does not address the effectiveness of these combined
22 prescriptions compared to Gabapentin and Phenobarbital.  The undersigned is not a medical
23 expert and cannot make these comparisons.
24    In his November 14, 2013 report prepared after plaintiff transferred to Pleasant Valley
25 State Prison ("PVSP"), Dr. Chakatos rejected plaintiff's request for Gabapentin and
26 Phenobartibal, and found that Dilantin, aka phenytoin, was adequate to treat plaintiff's seizures.
27 While this statement may address plaintiff's claim challenging the effectiveness of Dilantin and
28 Tegretol, it does not address the effectiveness of Keppra and Tegretol, which plaintiff was

prescribed by defendants just days before his first seizure.

Because plaintiff had two seizures in July after defendants discontinued the two medications he alleged were effective in treating his seizure disorder, for the reasons discussed above, the undersigned cannot find that defendants have demonstrated that they did not act with deliberate indifference when they replaced Gabapentin and Phenobarbital with other anti-seizure drugs. Expert evidence regarding the effectiveness of the drug combinations prescribed in place of Gabapentin and Phenobarbital is required for the undersigned to evaluate the subjective component of deliberate indifference. Neither party has provided any expert evidence on this point. Accordingly, the parties are directed to file further briefing, including expert evidence such as the declarations by appropriate experts, regarding the effectiveness of the combinations of the anti-seizure drugs defendants' prescribed in comparison to Gabapentin and Phenobarbital.[2]

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, the parties shall file the further briefing described above.

Dated: July 1, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Esp2147.fb

---

[2] Defendants also argue that plaintiff's refusal to take his anti-seizure medication caused his seizures. The medical records submitted by defendants indicate that from July 11, 2013, until July 14, 2013, when plaintiff had his first seizure, plaintiff may not have been taking any seizure medication. The records submitted by defendants demonstrate that plaintiff consistently refused to take Tegretol after it was prescribed by defendant Street on May 9, 2013. On July 11, 2013, defendant Street replaced Dilantin with Keppra. However, the records before the court indicate that plaintiff did not begin receiving Keppra, aka Levetiracetam, until July 24, 2013. (ECF No. 73-4 at 50). Therefore, plaintiff's failure to receive Keppra may have contributed to his suffering of seizures in July 2013. For this reason, the undersigned is not persuaded by defendants' argument that plaintiff caused the seizures by refusing to take his medication. The undersigned also observes that plaintiff does not claim that his failure to receive Keppra caused him to suffer the seizures or that defendants were responsible for his failure to receive Keppra.