UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ESPEY, | No. 2:13-cv-2147 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEUEL VOCATIONAL INSTITUTION, et al., | |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2015, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations.

The magistrate judge recommended that Defendants' summary judgment motion be granted as to Plaintiff's claims against Defendants Street and Awatani alleging inadequate pain medication and anti-seizure medication. The magistrate judge recommended that Defendants' summary judgment motion be denied as to Plaintiff's claim against Defendant Baath regarding the alleged discontinuation of the medication Artane.

1

1   In their objections, Defendants argue that the magistrate judge erred in recommending that
2   Defendant Baath be denied summary judgment. The undersigned addresses Defendants'
3   objections herein.

4   In the Second Amended Complaint, Plaintiff alleged that on April 30, 2013, he arrived at
5   the Deuel Vocational Institution ("DVI"). (ECF No. 15 at 5.) Plaintiff alleged that on April 30,
6   2013, Defendant Baath discontinued Plaintiff's medication Artane, which had been prescribed to
7   treat side effects from antipsychotic medications Plaintiff had been taking, such as Abilify. (Id.)
8   Plaintiff alleged that he had been taking Artane "for years." (Id.) Plaintiff alleged that after the
9   Artane was discontinued, he suffered lockjaw as a side effect from the Abilify. (Id. at 6.)
10  Plaintiff alleged that he was given Benadryl injections and pills over three days to treat the
11  lockjaw. (Id.)

12  In the summary judgment motion, Defendants argued that Defendant Baath did not act
13  with deliberate indifference to Plaintiff's serious medical needs. See Jett v. Penner, 439 F.3d
14  1091, 1096 (9th Cir. 2006) (standard for Eighth Amendment claim alleging inadequate medical
15  care). In support of the summary judgment motion, Defendants submitted Defendant Baath's
16  declaration. (ECF No. 89-3 at 1-3.) In relevant part, Defendant Baath stated that when Plaintiff
17  arrived at DVI on April 30, 2013, Plaintiff had prescriptions for Abilify and Artane. (Id.)
18  Defendant Baath stated that Abilify had potential side effects, including extrapyramidal
19  symptoms such as lockjaw. (Id.) Defendant Baath stated that Artane was one of many
20  medications that could be prescribed to counteract extrapyramidal symptoms. (Id.) Other drugs
21  used in conjunction with Abilify include Cogentin, Vistaril and Benadryl. (Id.)

22  In his declaration, Defendant stated that on April 30, 2013, he discontinued Plaintiff's
23  prescription for Artane because it was a banned medication. (Id.) Defendant recalls offering
24  Plaintiff Cogentin in its place, which Plaintiff declined. (Id.)

25  On May 9, 2013, Defendant saw Plaintiff for a psychiatry visit. (Id.) Plaintiff reported a
26  history of bipolar disorder and intermittent lockjaw. (Id.) Defendant discontinued Plaintiff's
27  prescription for Abilify to rule out lockjaw as a reaction to taking Abilify without Artane. (Id.)

28  In his declaration, Defendant stated that on May 10, 2013, Plaintiff was seen by Dr.

1 Newman for complaints of lockjaw. (Id.) Because Plaintiff reported a previous reaction to
2 Cogentin, and complained that Vistaril had been ineffective, Defendant Baath submitted a non-
3 formulary request for Benadryl to rule out lockjaw. (Id.)

4     On May 24, 2013, Plaintiff returned to Dr. Newman, again with complaints of pain and
5 swelling in his right jaw. (Id.) The diagnosis was cellulitis and an antibiotic was prescribed.
6 (Id.)

7     In his declaration, Defendant Baath also states that had Plaintiff experienced lockjaw as a
8 result of not taking Artane, that symptom would have manifested itself within two days. (Id.)

9     The magistrate judge recommended that Defendant Baath be denied summary judgment
10 for the following reasons. (ECF No. 95 at 8-9.) First, the magistrate judge found that while
11 Defendant Baath may have been prohibited from prescribing Artane, it was unclear why
12 Defendant did not discontinue Plaintiff's prescription for Abilify on April 30, 2013, i.e., when he
13 discontinued Plaintiff's Artane prescription. (Id.) The magistrate judge stated that he could not
14 determine whether Defendant acted with deliberate indifference without knowing why he allowed
15 Plaintiff to continue taking Abilify without prescribing another drug to prevent lockjaw, which
16 Plaintiff claimed he had suffered in the past.

17     The magistrate judge also found that Defendant Baath's claim that Plaintiff suffered no
18 adverse effects as a result of taking Artane was not supported by the record. In his declaration,
19 Defendant stated that the symptoms of lockjaw would have manifested themselves within two
20 days of not taking Artane, i.e., two days after April 30, 2013. The magistrate judge found that if
21 that was the case, then it was unclear why Defendant Baath treated Plaintiff for lockjaw with
22 Benadryl on May 10, 2013. The magistrate judge also observed that Defendant Baath did not
23 address whether Benadryl alleviated any symptoms.

24     The magistrate judge also found that whether Plaintiff suffered from lockjaw on May 9
25 and 10, 2013 was a materially disputed fact. The magistrate judge made this finding based on
26 Defendant's decision to treat Plaintiff with Benadryl for his symptoms, a drug used to treat
27 lockjaw. In addition, Plaintiff alleged that he experienced lockjaw symptoms.

28     In his objections, Defendant argues that the magistrate judge erred by failing to find that

3

he did not act with deliberate indifference.  A Defendant is liable under the Eighth Amendment if he knows that Plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 827 (1994.)

In his objections, Defendant argues that he did not act with deliberate indifference toward Plaintiff on April 30, 2013, because he offered Plaintiff Cogentin in place of Artane.  (ECF No. 96 at 2.)  While this is true, as noted in the findings and recommendations, Plaintiff alleges that Cogentin caused him to suffer a previous reaction.  The undersigned agrees with the magistrate judge that the Court cannot determine whether Defendant acted with deliberate indifference on April 30, 2013, without knowing more about the conversation Defendant had with Plaintiff on April 30, 2013, and why Defendant failed to prescribe one of the other "many such medications" used to counteract the extrapyramidal symptoms caused by Abilify, such as lockjaw.  (See ECF No. 89-3 at 1 (defendant Baath's declaration).)

In the objections, Defendant also argues that there is no evidence that on April 30, 2013, Defendant was aware that Plaintiff faced a serious risk of lockjaw, as opposed to any other potential side effect of taking Abilify.  Defendants argue that lockjaw is only one potential side effect of Abilify.  Defendant argues that Plaintiff did not mention lockjaw until May 9, 2013, over one week later.

In essence, Defendant argues that he did not act with deliberate indifference when he discontinued Artane because he did not know what specific potential extrapyramidal symptom it had been prescribed to treat.  The undersigned does not agree with this argument.  While Defendant Baath may not have known what specific extrapyramidal symptom Artane had been prescribed to treat, the record demonstrates that Defendant knew that Artane had been prescribed to treat some extrapyramidal symptom.  Defendant does not argue that extrapyramidal symptoms do not constitute a serious medical need.  Therefore, Defendant knew that Plaintiff faced a serious risk of harm as a result of the discontinuation of Artane.

Defendant also argues that he did not know that Plaintiff faced a serious risk of harm because Plaintiff did not mention lockjaw to him until May 9, 2013.  The evidence does not clearly support this claim.  Defendant's declaration does not clearly state that Plaintiff did not

4

mention lockjaw until May 9, 2013. In his declaration, Defendant states that on April 30, 2013, he offered Plaintiff Cogentin, which Plaintiff declined. Defendant does not provide any additional information regarding this conversation with Plaintiff, including whether he discussed with Plaintiff why Artane had been prescribed. Defendant goes on to state that he saw Plaintiff on May 9, 2013 for a psychiatry clinic visit, where Plaintiff reported a history of bipolar disorder and a history of intermittent lockjaw. Defendant does not state that this was the first time Plaintiff mentioned lockjaw.

In any event, as discussed above, Defendant Baath's declaration indicates that on April 30, 2013, he knew that Artane had been prescribed to treat one of the potential extrapyramidal symptoms of Abilify, including lockjaw. Thus, Defendant knew that Plaintiff faced a potentially serious risk of harm were he not to receive Artane. Defendant's alleged failure to ascertain what specific side effect Artane was prescribed to treat does not demonstrate that he did not act with deliberate indifference.

In the objections, Defendant also argues that the magistrate judge should have found that Plaintiff did not suffer lockjaw or any other adverse effect as a result of not taking Artane. Defendant argues that the timing of Plaintiff's lockjaw symptoms on May 10, 2013 was inconsistent with being caused by a reaction to Abilify and an alternative diagnosis (i.e., the May 24, 2013 cellulitis diagnosis) was made regarding the pain.

As discussed in the findings and recommendations, it is undisputed that on May 10, 2013, Plaintiff suffered from symptoms consistent with lockjaw. While Defendant argues in the objections that Plaintiff's symptoms could not have been caused by lockjaw, it is undisputed that he treated these symptoms as if they were caused by lockjaw by prescribing Benadryl. Defendant's summary judgment motion does not address whether Plaintiff's May 10, 2013, lockjaw symptoms were successfully treated with Benadryl. Defendant has also provided no evidence supporting his argument that Plaintiff's May 10, 2013, jaw pain was caused by cellulitis. The undersigned agrees with the magistrate record that whether Plaintiff suffered from lockjaw on May 10, 2013 is a materially disputed fact.

The undersigned agrees with the magistrate judge that Defendant Baath is not entitled to

qualified immunity.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 27, 2015 are adopted in full;

2. Defendants' summary judgment motion (ECF No. 73) is granted as to Plaintiff's claims against Defendants Street and Awatani alleging inadequate pain and anti-seizure medication; Defendants' summary judgment motion is denied as to Plaintiff's claim against Defendant Baath regarding the discontinuation of Artane.

IT IS SO ORDERED.

Dated:  September 24, 2015

Troy L. Nunley
United States District Judge